James Yelverton
QF-0921
SCI-Houtzdale
P.O. Box-1000
209 Institution Drive
Houtzdale, Pa. 16698

September 5, 2022

Office of the Clerk
U.S. District Court (E.D.)
U.S. Courthouse Room 2609
601 Market Street
Philadelphia, Pa. 19106-9865

RE: Yelverton v. Greater Ebenezer Baptist Church, et al.
CA. No. 21-CV-4203

Office of the clerk,
  Please file the enclosed "Exhibit" in the file.

Thank you,
James Yelverton

Ext. enclosed 3-pages

Paul J. Killion
Chief Disciplinary Counsel

District I Office
1601 Market Street
Suite 3320
Philadelphia, PA 19103-2337

(215) 560-6296
FAX (215) 560-4528



THE DISCIPLINARY BOARD
OF THE
SUPREME COURT OF PENNSYLVANIA



OFFICE OF DISCIPLINARY COUNSEL
www.padisciplinaryboard.org

Disciplinary Counsel-in-Charge
Anthony P. Sodroski

Disciplinary Counsel
Richard Hernandez
Gloria Randall Ammons
Harriet R. Brumberg
Michael D. Gottsch
Jeffrey M. Krulik
Robin B. Godfrey
Mark F. Gilson
Elizabeth J. Rubin

March 22, 2019

PERSONAL AND CONFIDENTIAL

Mr. James Z. Yelverton
#AM-2455
SCI-Phoenix
P.O. Box 244
Collegeville, PA 19426

RE: Complaint against Vanessa Garrett-Harley, Esquire
ODC File No. C1-19-241

Dear Mr. Yelverton:

This will acknowledge receipt of your March 12, 2019 Complaint Form, which was received by this office on March 15, 2019. This will also advise you that after reviewing your complaint, our office has determined that the complaint warrants dismissal for the reasons set forth below.

In your complaint, you state that you believe Ms. Garrett-Harley conspired with her sister to send Ms. Garrett-Harley's husband to threaten and intimidate you. You also allege that Ms. Garrett-Harley's husband punched you in your arm and poked you.

Initially, it is important for you to know some limitations on this office's consideration of any disciplinary complaint. First, our jurisdiction and authority is limited to attempting to enforce the Pennsylvania Rules of Professional Conduct, a set of minimum ethical standards with which all attorneys must abide. Second, even though you have filed a complaint, this office does not represent you or your personal interests. We are not your attorney and cannot provide you with any personal legal advice.

We cannot attempt to obtain any remedy or damages you might feel you are entitled to nor can we interfere with or intercede in any pending or future legal proceedings in which you might be involved. A third limitation is that this office, like any other prosecutorial agency, has the burden of proof. Each and every allegation of ethical misconduct must be proven by "clear and convincing" evidence, a standard of proof greater than the "preponderance" standard applicable in a civil proceeding. Surmise, conjecture or even a strong suspicion, will not suffice.

We do not believe there is sufficient evidence to establish that Ms. Garrett-Harley committed a violation of the Rules of Professional Conduct. Our office has frequently found that we fail to meet our heavy burden of proof at a disciplinary proceeding when the only evidence we can present in support of disciplinary charges is testimonial evidence that is subject to rebuttal. A case that amounts to "he said, she said" is often viewed as establishing, at best, a "preponderance" of the evidence rather than "clear and convincing" evidence. Your assertion that Ms. Garrett-Harley's husband told you that Ms. Garrett-Harley and her sister "told him to confront you," is subject to rebuttal testimony by both Ms. Garrett-Harley's husband and Ms. Garrett-Harley. Thus, while your contention may represent the true state of affairs, this office will not be able to meet its heavy burden of proving it

Moreover, the matter you described may be grounds for a criminal complaint. Although Rule of Professional Conduct 8.4(b) prohibits certain criminal acts, this office defers taking action on the type of conduct identified in your complaint until there is a criminal conviction, at which point we have the authority under Enforcement Rule 214 (Attorneys convicted of crimes) to proceed to seek discipline based upon the fact of conviction. You have the option of making a report to police or the prosecutor's office with jurisdiction over the criminal conduct, or filing a private criminal complaint.

With few exceptions, the attorney disciplinary system is confidential and remains so unless and until formal disciplinary charges are filed by the Office of Disciplinary Counsel against the respondent-attorney with the Disciplinary Board and the respondent-attorney has had the opportunity to answer those charges. Enforcement Rule 209(a) provides that any person who communicates with Disciplinary Counsel or the Board relating to misconduct by a respondent-attorney or gives testimony before a hearing committee or special master in a proceeding conducted

pursuant to the Enforcement Rules, shall be immune from civil suit based upon such communication or testimony.

Let me briefly explain the process in which we engage before dismissing a complaint. After reviewing the file and making a determination for the dismissal, I forward the file to another attorney in this office. The second attorney will then review my recommendation and the file and will either concur in or modify my recommendation. In this case the reviewing attorney concurred in my recommendation to dismiss this complaint.

Very truly yours,

Robin Godfrey
Disciplinary Counsel

RBG:rbc



James Z. Yelverton
QP-0921
SCI-Houtzdale
P.O. Box-1000
209 Institution Drive
Houtzdale, PA. 16698-1000

Office of the Clerk
U.S. District Court (E.D.)
U.S. Courthouse Room 2609
601 Market Street
Philadelphia, PA. 19106-9865

RECEIVED
SEP - 8 2022