IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES YELVERTON,** | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 21-CV-4203** |
| | : | |
| **GREATER EBENEZER BAPTIST** | : | |
| **CHURCH,** *et al.*, | : | |
|     Defendants. | : | |

**ORDER**

**AND NOW**, this 13th day of November 2023, upon consideration of Defendants, Otis Brandon, Greater Ebenezer Baptist Church, and Paul Struthers, Motion to Dismiss (ECF No. 34); and Defendants, City Commissioners of Philadelphia County and Vanessa Garnett-Harley, Motion to Dismiss (ECF No. 35),

**IT IS HEREBY ORDERED** that the Defendants' Motions to Dismiss (ECF No. 34 and 35) are **GRANTED** and all the counts are **DISMISSED** for reasons set forth in the footnotes**.**[1]

---

[1] Defendants move for dismissal pursuant to Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). A court is "not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Wheeler v. Wheeler*, 639 Fed. Appx. 147, 149 (3d. Cir. 2016) (quoting *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013)).

    For the § 1981 claims, Plaintiff fails to allege valid facts supporting his legal conclusions. The Complaint fails to state a claim. "Generally speaking, a complaint that provides adequate facts to establish how, when, where, and why will survive a motion to dismiss." *Rubin v. State Farm Mut. Auto. Ins. Co.*, No. 10cv1651, 2011 U.S. Dist. LEXIS 1613 at *10 (W.D. Pa. Jan. 7, 2011). Here, Plaintiff's Complaint fails to plead sufficient facts demonstrating *how*, *when, where*, or *why* Defendants' alleged conduct amounted to a violation of § 1981. § 1981 provides that "All persons… shall have the same right… to make and enforce contracts, to sue, be parties, give

**IT IS FURTHER ORDERED** that Plaintiff's Motion Letter (ECF No. 37) requesting the Court to reconsider reinstating all Defendants that were previously dismissed for insufficiency of service is **DENIED**.[2]

**IT IS FURTHER ORDERED** that the Clerk is **DIRECTED** to mark this file **CLOSED.**[3]

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

---

evidence…as is enjoyed by white citizens". 42 U.S.C. § 1981(a). However, Plaintiff does not allege any specific facts or allegations that would support a § 1981 claim. Although this Court is mindful it must "employ less stringent standards when considering pro se pleadings than when judging the work product of an attorney," pro se plaintiffs "are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim." *Walker*, 2023 U.S. Dist. LEXIS 101595 at *3-4. Accordingly, the § 1981 claims against all Defendants are dismissed.

For the § 1983 claims, the statute of limitations has run. The instances that Plaintiff describes in his complaint occurred in November of 2018. The statute of limitations for § 1983 claims in Pennsylvania is 2 years. *See Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). Plaintiff did not file his Complaint (ECF No. 1) until March of 2021. This is beyond the 2-year statute of limitations; accordingly, Plaintiff's § 1983 claims are dismissed with prejudice.

[2] As described in the other footnotes, all counts in the Complaint (ECF No. 1) are dismissed. Adding back the other Defendants into the Complaint would not cure any of the Complaint's deficiencies.

[3] Given the Complaint's reference to § 1983 and § 1981, this Court finds it has federal question jurisdiction. However, for the reasons set forth above, the Complaint has failed to sufficiently plead a federal claim. Because all federal claims are being dismissed, this Court will not exercise supplemental jurisdiction over any potential state law claims. See *Gagliardi v. Fisher*, 513 F. Supp. 2d 457, 463 (W.D. Pa. 2007) (declining supplemental jurisdiction after dismissing the federal question claims for failure to state a claim). Any potential state-law claims are therefore not addressed on their merits herein even though they too are likely barred by the statute of limitations. Because at this time all of the federal claims are being dismissed, the Court declines to extend supplemental jurisdiction to hear any potential state tort claims.